UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

HOPE MEDICAL GROUP FOR WOMEN,  CIVIL ACTION
ET AL

VERSUS  NO. 07-879 c/w 10-511
Pertains to 10-511

LORRAINE LEBLANC, ETC., ET AL  SECTION "C" (4)

ORDER AND REASONS

This matter comes before the Court on motions for summary judgment filed by (1) the defendants, J. S. "Bud" Thompson, Jr., in his official capacity as Director of the Louisiana Office of Risk Management ("Thompson"), (2) the defendants, Lorraine LeBlanc, in her official capacity as Executive Director of the Louisiana Patient Compensation Fund Oversight Board and Clark Cosse, Vincent Culotta, M.D., Kent Guidry, Joseph Donchess, Melanie Firmin, M.D., Katharine Rathbun, M.D., Manuel DePascual and James Hritz, in their official capacities as members of the Louisiana Patient Compensation Fund Oversight Board and (3) the plaintiffs, Hope Medical Group for Women, D.B., M.D. and K.P., M.D., Midtown Medical L.L.C., Delta Clinic

1

Baton Rouge, Inc., Women's Health Care Center, Inc., Bossier City Medical Suite, and Causeway Medical Clinic. Rec. Docs. 93, 94, 95. Having considered the record, the memoranda of counsel and the law, the Court finds that summary judgment is appropriate as follows.

The individual plaintiffs are physicians who provide legal abortion services in Louisiana. They challenge the constitutionality of Act 950, which affects coverage under the Medical Malpractice Act, (Med-Mal Act") §40:1299.47K.[1] and the Malpractice Liability for State Services Act (MLSSA"), La. Rev. Stat. § 40:1299.39(A)(1)(a)(iv)(dd).[2] In general, the challenged provisions of Act 950 exclude abortion providers from coverage under the respective malpractice acts. The defendant Thompson is responsible for the administrative management of claims under the MLSSA. The remaining defendants are the executive director and members of the Louisiana Patient's Compensation Fund Oversight Board ("Board"), which has responsibility for the

---

[1]This section provides:
  The provisions of this Part shall not apply to any health care provider when performing the elective termination of an uncomplicated viable pregnancy.

[2]This section provides:
  However, no person or entity referenced in this Part shall be considered a "state health care provider" or "person covered by this Part" when performing the elective termination of an uncomplicated viable pregnancy.

administration of the Louisiana Patient's Compensation Fund ("Fund") relative to the Med-Mal Act.

In this lawsuit, the plaintiffs seek both a declaration that Act 950 is unconstitutional as applied to lawfully performed abortion procedures and an injunction to that effect. In their cross-motion for partial summary judgment, the plaintiffs argue that Act 950 was enacted in 2010 to provide an independent basis for excluding abortion providers from the benefits of the malpractice acts, in part because of the disparity between expressed legislative intent that Act 950 apply to all lawful and unlawful abortions, and the language of Act 950, which does not provide its own definition of the word "viable." The plaintiffs acknowledge that the application of the definition of "viable" contained in La. Rev. Stat. § 40:1299.35.1(10)[3] would result in Act 950 only applying to unlawful abortions. They seek assurances that this definition will be considered by the defendants in applying Act 950.

---

[3]"Viability" is defined in Section 40:1299.35.1(10) as follows:
"Viable" and "viability" each mean that stage of fetal development when, in the judgment of the physician based upon the particular facts of the case before him, and in light of the most advanced medical technology and information available to him, there is a reasonable likelihood or sustained survival of the unborn child outside the body of his mother, with or without artificial support.

The Court notes that the plaintiffs mis-cite this section, and the defendants omit the first part of the definition in their references. *See e.g.*, Rec. Doc. 93 at 7; Rec. Doc. 94 at 7; Rec. Doc. 95 at 6.

The plaintiffs argue that Act 950 is unconstitutionally vague as applied to lawfully performed abortions. They argue that it can be interpreted as its sponsor intended it or as applying only to unlawful abortions and that this ambiguity renders the statute unconstitutionally vague because it fails to give the plaintiffs reasonable notice whether they are covered by the malpractice acts when performing lawful abortions and because it invites arbitrary and discriminatory enforcement by the defendants. Rec. Doc. 95 at 9.

The defendants do not dispute the facts set forth by the plaintiffs. They argue, however, that "[t]here is a an established body of law defining the term 'viable' in the context of abortion law." Rec. Doc. 93 at 5; Rec. Doc. 94 at 5. "Even more important, Louisiana law already defines 'viable' in the context of abortion legislation." *Id.* In so doing, the defendants refer to the statutory definition contained in La. Rev. Stat. 40:1299.35.1(10). Rec. Doc. 93 at 7; Rec. Doc. 94 at 7. The defendants argue that there is no justiciable controversy and the suit should be dismissed for a lack of ripeness.

The parties agree that the argued ambiguity derives from comments made during the legislative by one of the bill's sponsors and from the preamble to the bill, not the text of Act 950 itself. The parties agree that the comments by the legislator and the preamble are not part of the statute. The plaintiffs want "some form of legally binding

4

assurance" or "binding document that Defendants will not apply Act 950 to lawfully performed abortion procedures" because they "rightly fear that Defendants are positioning themselves to apply Act 950 to lawfully performed abortion procedures if the relief requested by Plaintiffs is denied." Rec. Docs. 95 at 1-2; Rec. Doc. 111 at 2. The defendants argue that they "should not be required to execute an affidavit stating that they will not apply a statute in a manner which is not implicated by its clear wording." Rec. Doc. 102 at 6; Rec. Doc. 103 at 6. The defendants also state that they do "not interpret or intend to apply Act 950 to lawful abortions, which would be beyond the clear wording of the statute." Rec. Doc. 112 at 5; Rec. Doc. 113 at 5.

For purposes of determining whether a case-or-controversy exists, "[o]ur decisions have required that the dispute be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Medimmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007). "'Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"

5

*Id.*, quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

The plaintiffs' feared interpretation of Act 950 does not derive from the clear language of the statute. The plaintiffs' feared interpretation does not derive from threats made by the defendants. Instead, the challenged word "viable" enjoys the plaintiffs' desired jurisprudential and statutory definition elsewhere and the defendants, through counsel, affirmatively state that they will not apply Act 950 to lawful abortions. The fact that the plaintiffs' feared interpretation derives from relevant but unenforceable periphery of the legislative process leading to the enactment of Act 950 may explain the cause of the plaintiffs' concern, but it does not transform this matter into "a case of actual controversy" for purposes of the Declaratory Judgment Act, 28 U.S.C. § 2201. Under these circumstances, the plaintiffs' challenge to Act 950 is reduced to the hypothetical.

In any event, the facts of this case call for judicial restraint. "The Declaratory Judgment Act provides that a court '*may* declare the rights and other legal relations of any interested party,' ... not that it *must* do so." *Medimmune*, 549 U.S. at 136 (emphasis original). "This text has long been understood 'to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* This case affects the federal-state relationship. The Court will not assume either that the

6

substance of Act 950 is unconstitutional or that the defendant state actors will execute Act 950 in an unlawful way or contrary to their express representations in this matter.

Whatever perceived threat made in the legislative process has been undone in this lawsuit. There is no threat that Act 950 will be applied to legally performed abortions.[4]

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by J. S. "Bud" Thompson, Jr., in his official capacity as Director of the Louisiana Office of Risk Management is GRANTED. Rec. Doc. 93

IT IS FURTHER ORDERED that the motion for summary judgment filed by Lorraine LeBlanc, in her official capacity as Executive Director of the Louisiana Patient Compensation Fund Oversight Board and Clark Cosse, Vincent Culotta, M.D., Kent Guidry, Joseph Donchess, Melanie Firmin, M.D., Katharine Rathbun, M.D., Manuel DePascual and James Hritz, in their official capacities as members of the Louisiana Patient Compensation Fund Oversight Board is GRANTED. Rec. Doc. 94.

IT IS FURTHER ORDERED that the cross-motion for partial summary judgment

---

[4]The Court notes that the details of the proposed "legally binding document" reflecting the parties' agreement are not provided by the plaintiffs. The Court can not easily envision how it would "force" the defendants to sign such an document or how it would "force" its effect on the successors of the defendants.

7

filed by Hope Medical Group for Women, D.B., M.D. and K.P., M.D., Midtown Medical L.L.C., Delta Clinic Baton Rouge, Inc., Women's Health Care Center, Inc., Bossier City Medical Suite, and Causeway Medical Clinic is DENIED, Rec. Doc. 95.

IT IS FURTHER ORDERED that the parties shall confer and advise the Court in writing and within 10 days whether any outstanding claims exist in this individual lawsuit, Civ. Act. 10-511.

New Orleans, Louisiana, this 22nd of February, 2012.

                                                                          _____
                                                                          HELEN G. BERRIGAN
                                                                          UNITED STATES DISTRICT JUDGE