UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HOPE MEDICAL GROUP FOR WOMEN, ET AL | CIVIL ACTION |
| VERSUS | NO. 07-879 c/w 10-511<br>Pertains to 07-879 |
| LORRAINE LEBLANC, ETC., ET AL | SECTION "C" (4) |

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by the plaintiffs, Hope Medical Group for Women ("Hope Medical"), D.B., M.D. and K.P., M.D. and motion for summary judgment filed by the defendants, Lorraine LeBlanc, in her official capacity as Executive Director of the Louisiana Patient Compensation Fund Oversight Board and Clark Cosse, Melanie Firmin, Vincent Culotta, William Schumacher, Joseph Donchess, Dianne Viator, Daniel Lennie and Manuel DePascual, in their official capacities as members of the Louisiana Patient Compensation Fund Oversight Board. Rec. Docs. 84, 89. Having considered the record, the memoranda of counsel and the law, the Court finds that summary judgment in favor of the plaintiffs is

1

appropriate for the following reasons.

The individual plaintiffs are physicians enrolled in Louisiana Patient's Compensation Fund ("Fund") who challenge the constitutionality of La. Rev. Stat. 9:2800.12 ("Act 825"),[1] which provides patients with a claim against abortion providers and which denies abortion providers the benefits of the Fund and Medical Malpractice Act, La. Rev. Stat. § 40:1299.47 ("Med-Mal Act") to abortion-related claims. The plaintiffs seek a declaration that Act 825 is unconstitutional. The defendants are the

---

[1] The statute provides in relevant part as follows:
    A. Any person who performs an abortion is liable to the mother of the unborn child for any damage occasioned or precipitated by the abortion, which action survives for a period of three years from the date of discovery of the damage with a peremptive period of ten years from the date of the abortion.
    B. For purposes of this Section:
    (1) "Abortion" means the deliberate termination of an intrauterine human pregnancy after fertilization of a female ovum, by any person, including the pregnant woman herself, with an intention other than to produce a live birth or to remove a dead unborn child.
    (2) "Damage" includes all special and general damages which are recoverable in an intentional tort, negligence, survival, or wrongful death action for injuries suffered or damages occasioned by the unborn child or mother.
    (3) "Unborn child" means the unborn offspring of human beings from the moment of conception through pregnancy and until termination of the pregnancy.
    C. (1) The signing of a consent form by the mother prior to the abortion does not negate this cause of action, but rather reduces the recovery of damages to the extent that the content of the consent form informed the mother of the risk of the type of injuries or loss for which she is seeking to recover.
    (2) The laws governing medical malpractice or limitations of liability thereof provided in Title 40 of the Louisiana Revised Statutes of 1950 are not applicable to this Section.

executive director and members of the Louisiana Patient's Compensation Fund Oversight Board ("Board"). The plaintiffs sue over the Board's application of Act 825 to a claim made by a former patient, whose Med-Mal claim is pending in state court. Although the Board convened a medical review panel to assess that claim in response to this lawsuit, it has reserved the right to refuse payment if it later determines that the claim is not subject to the Med-Mal Act.

These motions pick up where *K.P. v. LeBlanc*, 627 F.3d 115 (5th Cir. 2010)$^2$ and *Okpalobi v. Causeway Medical Suite*, 981 F.Supp.2d 977 (E.D.La. 1998), *aff'd* 190 F.3d 337 (5th Cir. 337 (5th Cir. 1999), *vacated on other grounds*, 244 F.3d 405 (5th Cir. 2001)(en banc), left off. After Judge Ralph E. Tyson dismissed the complaint in this matter based on Eleventh Amendment immunity, the Fifth Circuit found that immunity lacking on appeal, and additionally held that this suit was not moot and that the plaintiffs had standing to sue under Article III. *K.P.*, 627 F.3d at 120-24. The plaintiffs acknowledge the existence of that opinion and their memoranda, in all other respects, present arguments nearly identical to those initially presented to Judge Tyson. Rec. Docs. 52,

---

$^2$The Fifth Circuit docket sheet in this matter indicates that a "Revised Published Opinion" was filed on January 12, 2011. That opinion bears a filing stamp dated November 23, 2010, is not reported separately on Westlaw but was published by Lexis, 2010 U.S.App. LEXIS 26940. In any event, the revised opinion appears substantively identical to the original November 23, 2010 published opinion, to which this Court will continue to make reference.

3

58, 84, 86. The defendants, however, present virtually identical arguments untainted by the Fifth Circuit's opinion, which appears to have clearly rejected some of their arguments. Rec. Docs. 54, 60, 87, 107, 108.[3]

In response to the Court's order for an explanation for the omission, the defendants advise that no mention of the Fifth Circuit opinion was made in their memoranda because, in part, "[t]he Article III issues — mootness, standing, ripeness – were not before the Fifth Circuit on appeal" and that "the Fifth Circuit engaged in supposition outside of the record in making its determination." Rec. Doc. 114 at 3-4. "While the defendants concede that the Fifth Circuit discussed mootness and standing in its opinion, neither issue was properly before the Court and neither party had been given the opportunity to make a record for appellate review." Rec. Doc. 114 at 6.[4] The defendants apparently assumed in their memoranda on remand that this Court would ignore the Fifth Circuit opinion because the defendants did.

This Court is bound by the Fifth Circuit. It finds that the appellate opinion and mandate issued in this matter resolves the issues of mootness/prematurity, Article III

---

[3]The State of Louisiana through James D. "Buddy" Caldwell adopted the defense opposition to the plaintiffs' motion for summary judgment. Rec. Doc. 108.

[4]The defendants admit that they did raise the issue of mootness in their appellate brief, but only for a "limited purpose." Rec. Doc. 114 at 3.

jurisdiction and standing (injury-in-fact, causation and redressability), and the Court disagrees with the defendants' repeated arguments pertaining to those issues. Rec. Docs. 60 at 2-5, 6-15; 87 at 2-13; Rec. Doc. 107 at 2-12.[5] For purposes of completeness, this Court alternatively adopts the reasoning of the Fifth Circuit opinion on those issues as its own.

The similarity between this case and the *Okpalobi* litigation was acknowledged on appeal when the Fifth Circuit raised the issue of standing and Article III jurisdiction "because of the similarity of the present action to a case [*Okpalobi*] heard en banc by this court in 2001." *K.P.*, 627 F.3d at 122. The Fifth Circuit also recognized "the statute clearly prohibits use of the Fund for abortion claims that are brought under Section 9:2800.12." *Id.* at 121.

There is no dispute that the constitutionality of Act 825 was squarely at issue in the *Okpalobi* case. There, the district court issued an injunction against the defendants based on findings that included that it was void-for-vagueness for due process purposes. *Okpalobi*, 981 F.Supp.2d 977 (E.D.La. 1998). The panel affirmed and found the statute facially unconstitutional for a number of reasons particularly relevant here: the statute placed undue burden on a woman's right to choose to have an abortion

---

[5]Hereinafter, the Court will refer to the most recently filed versions of the motions and oppositions only.

before viability, the statute was adopted with the purpose of interfering with that right; the statute was unconstitutionally vague for due process purposes and is a strict liability statute. *Okpalobi*, 190 F.3d at 354-60. The en banc court opinion, written by the author of the dissent in the panel opinion, began with the observation that "[a]lthough, in this facial attack on the constitutionality of the statute, consideration of the merits may have strong appeal to some, we are powerless to act except to say that we cannot act ..." *Okpalobi*, 244 F.3d at 409. "It is important to keep in mind that anyone exposed to actual liability under this statute has immediate redress - that is to say, a defendant sued by a private plaintiff under Act 825 can immediately and forthwith challenge the constitutionality of the statute." *Id.* at 429, fn 40.

This is the challenge anticipated by the en banc *Okpalobi* opinion. This Court chooses to address the plaintiffs' motion first. To the fullest extent possible, this Court adopts the reasoning of the panel opinion in *Okpalobi*, 190 F.3d 337 (5th Cir. 1999) to the overlapping issues presented in these motions.[6]

**Void-for-vagueness**

First, the plaintiffs argue that § 9:2800.12 is void-for-vagueness under the Due

---

[6] An exceptional amount of time has been provided to present argument in this matter before and after transfer to the undersigned, and any argument not made by any party is deemed waived.

Process Clause of the Fourteenth Amendment because its uncertainty threatens to inhibit the exercise of constitutionally protected rights and its imposition of liability without fault subjects the statute to stringent vagueness scrutiny. Rec. Doc. 84 at 12-13. They argue that the statute fails to provide adequate notice to plaintiffs and other abortion providers regarding how to avoid liability, lends itself to arbitrary and discriminatory enforcement, and fails to give them fair warning that they will be treated as non-qualified for purposes of the Med-Mal Act. *Id.* at 13. The plaintiffs cite to both the *Okpalobi* panel and en banc decisions as primary support for these arguments. Rec. Doc. 84 at 13-17.

In opposition to this argument, the defendants argue that the statute is not void-for-vagueness because it does not impose strict liability and does not invoke strict scrutiny. They next argue that the statute defines how liability can be avoided via its "informed consent" provisions, and provides notice that certain procedures may not qualify for the limitations afforded under the Med-Mal Act. Rec. Doc. 107 at 24-29. The defendants argue that the analysis set forth in the panel opinion in *Okpalobi*, 190 F.3d 337 (5th Cir. 1999), should be rejected because the panel opinion was vacated en banc for lack of jurisdiction. *See* Rec. Doc. 107 at 12-14.

The argument presented by the defendants was rejected before and is

unsupported by this Court's reading of the statute. Contrary to the defendants' arguments, the Fifth Circuit's opinion in this matter restated that "Section 9:2800.12 ... provides that no standard of care will apply to damages resulting from abortions." *K.P.*, 627 F.3d 121. Again, this Court fully adopts the reasoning of the panel opinion in *Okpalobi* on the issue of the statute's imposition of strict liability and unconstitutional vagueness.[7] *Okpalobi*, 190 F.3d at 357-59.

> Thus, the Act provides a cause of action (1) to women who have had an abortion (2) against the physician who performed the abortion (3) for any damage caused by the procedure to the woman or the "unborn child" - a cause of action that (fatally, as seen below), contains no standard of care, no mens rea requirement, and no indication whatsoever regarding the steps a physician may take to avoid liability (other than to cease and desist from performing abortions). The issue of informed consent only enters the picture to reduce, not bar, damages regarding the types of injuries of which the physician informed the woman prior to the abortion.

*Id.* at 357. "[I]t is impossible to tell what conduct will incur liability under the act." *Id.* at 359. "We conclude that the Act's lack of scienter requirement creates a strict liability statute" that "exacerbates vagueness..." *Id.* at 360.

---

[7] Even the en banc decision in *Okpalobi* noted that "*all claims brought pursuant to Act 825 are exempt from Title 40.*" *Okpalobi*, 244 at 422, fn 29 (emphasis original). Judge Dennis noted in his dissent that the panel decision in *Okpalobi* found that Act 825 presents a form of strict liability while noting that the plaintiffs' former patient is presenting an ordinary medical malpractice claim against the plaintiffs in order to invoke ordinary medical malpractice law rather than Act 825. *K.P.*, 627 F.3d at 125-26.

This Court also finds that Act 825 is unconstitutionally vague.

**Undue burden**

The plaintiffs argue next that Act 825 places an unconstitutionally undue burden on a woman's right to an abortion in violation of the Due Process Clause under *Planned Parenthood of Southeaster Pennsylvania v. Casey*, 505 U.S. 833 (1992). They argue that its purpose and effect is to provide that obstacle, as recognized by the panel in *Okpalobi*. Rec. Doc. 84 at 17-23.

The defendants argue that Act 825 inures to the benefit of those seeking abortions because the plaintiffs have no constitutional right to perform abortions and Act 825 "is essentially an informed consent statute, but one which imposes civil liability upon a physician failing to provide informed consent." Rec. Doc. 87 at 14. "Mere exposure to a lawsuit cannot be considered an undue burden." *Id.* The defendants also argue that the plaintiffs are able to buy insurance and have suffered no injury. Rec. Doc. 87 at 15-18.

The defendants' arguments were squarely rejected in the panel opinion in *Okpalobi,* 190 F.3d at 354-356. "In short, Act 825's structure and language put the lie to the State's insistence that the legislation is designed merely to enhance the information furnished to women seeking abortions. *Id.* at 356. "[I]t is undeniable that the provision

is designed ... to ensure that a physician cannot insulate himself from liability by advising a woman of the risks, physical or mental, associated with abortion." *Id.* "To the contrary, if Act 825 were to go into effect, it undoubtably would drive Louisiana's qualified and responsible abortion providers out of business, thereby imposing an undue burden on a woman's right to seek an abortion." *Id.* This Court agrees with the panel's approval of the district court finding that, in effect, the statute "significantly reduces the number of abortion providers in Louisiana because it "sets a standard no physician can meet and creates a climate in which no provider can possibly operate." *Id.*, citing *Okpalobi*, 981 F.Supp. at 983-84.

This Court also finds that Act 825 places an undue burden on a woman's right to seek an abortion.

**Equal protection**

The plaintiffs' claim that Act 825 violates the Equal Protection clause did not receive attention from the Fifth Circuit in either the *Okpalobi* opinions on on appeal in this matter, although some facets of the Equal Protection arguments were addressed. The plaintiffs argue that the statute treats abortion providers differently than all other health care providers by excluding them from the legal and financial protections against medical malpractice under the Med-Mal Act and imposing a form of strict liability that

does not apply to any other medical provider. Rec. Doc. 84 at 24-25. They argue that the resulting classification does not rationally further any legitimate state interest. Rec. Doc. 84 at 27-28. Again, the defendants argue that the statute does not impart strict liability and does not violate equal protection because the state's goal of "informed consent" is rationally related to the statute. Rec. Doc. 23 at 18-23.

The Equal Protection Clause requires that all similarly situated persons be treated substantially alike. *Vulcan Materials Co. V. City of Tehuacana*, 238 F.3d 382, 388-389. "[I]f a law neither burdens a fundamental right nor targets a suspect class, we will uphold the legislative classification so long as it bears a rational relation to some legitimate end." *Romer v. Evans*, 517 U.S. 620, 631 (1996). "By requiring that the classification bear a rational relationship to an independent and legitimate legislative end, we ensure that classifications are not drawn for the purpose of disadvantaging the group burdened by the law." *Id.* at 633. Where the law is the kind that "raise[s] the inevitable inference that the disadvantage imposed is born of animosity toward the class of persons affected," the "'desire to harm a politically unpopular group cannot constitute a *legitimate* governmental interest.'" *Id.* at 634-35, quoting *Department of Agriculture v. Moreno*, 413 U.S. 528, 534 (1973).

This Court rejects the defendants' proposed goal for Act 825 as providing

"informed consent" for the same reasons as those set forth by the Fifth Circuit in the panel *Okpalobi* opinion. "The State's explanation of Act 825's purpose appears even more disingenuous when read *in pari materia* with the Louisiana Woman's Right to Know Act," which "specifies in a comprehensive list the information that a physician must furnish to a woman seeking an abortion." *Okpalobi*, 190 F.3d at 356-57. "[T]he State's proffered legislative purpose simply is not credible." *Id.* at 357. The defendants are left with no proffered goal for the statute relative to the Equal Protection Claim, and the Court finds that there is no rational basis between Act 825's classification and its articulated goal.

In the defendants' motion for summary judgment it argues that there is no equal protection violation because the Equal Protection Clause applies to "persons," not "medical procedures," and that Act 825 pertains to all physicians, with distinction only as to the procedures they perform. However, the statute itself clearly applies to "[a]ny person who performs an abortion ..." La. Rev. Stat. § 9:2800.12A. This argument is not persuasive.[8]

---

[8]The defendants also argue in their motion for summary judgment that there is no justiciable interest because the pendency of the underlying medical malpractice claim renders the plaintiffs' claims premature and otherwise moot, that the plaintiffs lack standing and redressability is lacking, along with defense arguments pertaining to constitutional issues raised by the plaintiffs in their motion. Those arguments have been resolved by virtue of reference to the appellate mandate in this matter or with

12

This Court finds that Act 825 violates the Equal Protection Clause.

**Permanent injunctive relief**

The plaintiffs seek permanent injunctive relief in their motion, which is properly supported in all respects. The defendants present no argument related to that request. The Court construes the defendants' silence as indicative of their consent, reserving defendants' arguments made on the substantive issues.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the plaintiffs, Hope Medical Group for Women, D.B., M.D. and K.P. M.D. is GRANTED. Rec. Doc. 84.

IT IS FURTHER ORDERED that the motion for summary judgment filed by the defendants, Lorraine LeBlanc, in her official capacity as Executive Director of the Louisiana Patient Compensation Fund Oversight Board and Clark Cosse, Melanie Firmin, Vincent Culotta, William Schumacher, Joseph Donchess, Dianne Viator, Daniel Lennie and Manuel DePascual, in their official capacities as members of the Louisiana Patient Compensation Fund Oversight Board is DENIED. Rec. Doc. 89.

IT IS FURTHER ORDERED that within ten days the parties confer and provide

---

reference to the plaintiff's motion.

the Court with a proposed judgment and injunction, approved as to form.

New Orleans, Louisiana, this 1st day of March, 2012.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE